UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TETRA TECH, INC.,

    Plaintiff,

    v.

MK SALVAGE VENTURE LLC,

    Defendant.

Case No. C13-0084RSL

ORDER DENYING MOTION TO DISQUALIFY COUNSEL

This matter comes before the Court on "Defendant's Motion to Disqualify Lane Powell." Dkt. # 12. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

Lane Powell's client, Peter Kuttel, argues that his relationship with Lane Powell extends to companies in which he has a direct or indirect ownership interest, such as the defendant in this case, MK Salvage Venture LLC. The governing ethical rules do not support such an expansive view of the attorney-client relationship, however. Comment 34 to Rule of Professional Conduct 1.7 states:

    A lawyer who represents a corporation or other organization does not, by

---

[1] The Court has considered Mr. Beard's statements regarding the investigation Lane Powell undertook upon learning of Mr. Kuttel's objections to its representation of Tetra Tech only to counteract the implication of bad faith defendant raised in its moving papers.

ORDER DENYING MOTION TO DISQUALIFY COUNSEL - 1

>virtue of that representation, necessarily represent any constituent or affiliated organization, such as a partner or subsidiary. See Rule 1.13(a). Thus the lawyer for an organization is not barred from accepting representation adverse to an affiliate in an unrelated matter, unless the circumstances are such that the affiliate should also be considered a client of

the lawyer, there is an understanding between the lawyer and the organization client that the lawyer will avoid representation adverse to the client's affiliates, or the lawyers's obligations to either the organizational client or the new client are likely to limit materially the lawyer's representation of the other client.

Mr. Kuttel has chosen to conduct business through a number of limited liability companies. The general rule in Washington, as stated in Comment 34, is that when a law firm represents an individual or entity, its representation is limited to that individual or entity. The attorney-client relationship does not reach affiliated organizations unless one of the three exceptions to the general rule applies.

      The Court is willing to assume, for purposes of this motion, that the circumstances of Mr. Kuttel's engagement of Lane Powell, including his use of Bear Enterprises' business address and the involvement of Bear Enterprises' chief financial officer, suggest that Bear Enterprises should be considered a client of Lane Powell along with Mr. Kuttel. It is also undisputed that Lane Powell was retained to do work for two of Mr. Kuttel's other affiliated companies, JK Aviation, LLC, and MK Pacific, LLC. There is, however, no indication that MK Salvage Venture, a separate legal entity, had an official or unofficial attorney-client relationship with Lane Powell. Nor is there reason to believe that the current dispute is in any way related to the transactions in which Lane Powell assisted Mr. Kuttel before, that the parties agreed that Lane Powell would avoid representations adverse to all of Mr. Kuttel's affiliates (much less the affiliates' affiliates), or that Lane Powell's assistance in Mr. Kuttel's purchase/finance of aircraft will materially limit its ability to represent Tetra Tech in this matter.

      Defendant's heavy reliance on GSI Commerce Solutions, Inc. v.

ORDER DENYING MOTION TO DISQUALIFY COUNSEL - 2

1  BabyCenter, LLC, 618 F.3d 204 (2nd Cir. 2010), is misplaced.  That court identified the
2  focus of the inquiry as "the reasonableness of the client's belief that counsel cannot
3  maintain the duty of undivided loyalty it owes a client in one matter while simultaneously
4  opposing that client's corporate affiliate in another."  618 F.3d at 210.  The mere fact that
5  one entity is the wholly-owned subsidiary of another is not enough to justify ignoring the
6  corporate forms for purposes of a conflicts analysis.  Other than a vague reference to the
7  fact that Lane Powell may have information regarding Mr. Kuttel's finances, defendant
8  offers no theory or facts which suggest that Lane Powell's participation in this litigation
9  against MK Salvage Venture could possibly interfere with its ability to loyally represent
10 Mr. Kuttle, JK Aviation, LLC, and MK Pacific, LLC, in the completely separate
11 transactions for which it had previously been retained.  Mr. Kuttle offers nothing but his
12 firm belief that a lawyer who represents him (or, apparently, any of his affiliated
13 companies) is automatically the attorney of his affiliates, disclosed and undisclosed, for all
14 existing and potential matters.  While commonality of personnel and financing may
15 support a discretionary finding that the subsequent representation reasonably diminishes
16 the level of confidence and trust in counsel,[2] it does not compel such a finding.  In the
17 circumstances presented here, the Court finds that Mr. Kuttel's unilateral and unexpressed
18 belief that all of the companies with which he is affiliated have an attorney-client
19 relationship with Lane Powell is unreasonable.

DATED this 23rd day of April, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Defendant's account of their intra-company relations is difficult to parse. Although it appears that MK Pacific, LLC, and MK Salvage Venture, LLC, are sister companies, Mr. Kuttel asserts that financing flows entirely from Bear Enterprises, LLC, through MK Pacific, LLC, to MK Salvage Venture, LLC.

ORDER DENYING MOTION TO DISQUALIFY COUNSEL - 3